IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SALVADOR SEGOVIA, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | Case No. |
| TIDWELL PLACE, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, SALVADOR SEGOVIA, JR., by and through the undersigned counsel, and files this, his Complaint against Defendant, TIDWELL PLACE, L.P., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").   In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.      Plaintiff, SALVADOR SEGOVIA, JR. (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in

1

performing one or more major life activities, including but not limited to: walking and standing.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property within six months after it is accessible ("Advocacy Purposes").

7.      Defendant, TIDWELL PLACE, L.P. (hereinafter "TIDWELL PLACE, L.P."), is a Texas limited partnership that transacts business in the State of Texas and within this judicial district.

8.      Defendant, TIDWELL PLACE, L.P., may be properly served with process for service via its Registered Agent, to wit:  c/o Doug Freedman, Registered Agent, 4545 Bissonnet Street, Suite 100, Bellaire, TX  77401.

## FACTUAL ALLEGATIONS

9.      On or about February 5, 2021, Plaintiff was a customer at "Family Dollar" a business located at 906 E. Tidwell Road, Houston, TX  77022, referenced herein as "Family Dollar".  Attached is a receipt documenting Plaintiff's purchase.  *See* Exhibit 1.  Also attached is a photograph documenting Plaintiff's visit to the Property. *See* Exhibit 2.

10.     Defendant, TIDWELL PLACE, L.P., is the owner or co-owner of the real property and improvements that Family Dollar is situated upon and that is the subject of this

action, referenced herein as the "Property."

11.     Plaintiff lives 10 miles from the Property.

12.     Plaintiff's access to the business(es) located 906 E. Tidwell Road, Houston, TX 77022, Harris County Property Appraiser's property identification numbers 0461960000021 and 0461960000042 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, TIDWELL PLACE, L.P., is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

13.     Defendant, TIDWELL PLACE, L.P., as property owner, is responsible for complying with the ADA for both the exterior portions and interior portions of the Property. Even if there is a lease between Defendant, TIDWELL PLACE, L.P. and the tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and the tenant and does not abrogate the Defendant's independent requirement to comply with the ADA for the entire Property it owns, including the interior portions of the Property which are public accommodations.  *See* 28 CFR § 36.201(b).

14.     Although the Property is comprised of two parcels (Harris County Property Appraiser's property identification numbers 0461960000021 and 0461960000042), for purposes of this lawsuit the Property should be considered as a signal site.

15.     The three buildings on the Property share a common parking lot.

16.     Both parcels comprising the Property are owned by Defendant.

17.     The Property has a large sign facing E. Tidwel Road which identifies and markets

to the public stores located on both parcels.

18.     Two of the three buildings share the same design and architectural elements.

19.     There is no discernable barrier or notorious marker which separates the parcels or gives notice to the public that there are separate properties.

20.     Plaintiff has visited the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting the Property within six months after the barriers to access detailed in this Complaint are removed and the Property is accessible again.  The purpose of the revisit is to be a return customer, to determine if and when the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

21.     Plaintiff intends on revisiting the Property to purchase goods and/or services as a return customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

22.     Plaintiff travelled to the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Property.

### COUNT I
### VIOLATIONS OF THE ADA AND ADAAG

23.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

24.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental

4

disabilities, and this number is increasing as the population as a whole is growing older;

(ii)   historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)   individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)   the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

25.   Congress explicitly stated that the purpose of the ADA was to:

(i)   provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)   provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

26.      The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

27.      The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

28.      The Property is a public accommodation and service establishment.

29.      Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

30.      Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

31.      The Property must be, but is not, in compliance with the ADA and ADAAG.

32.      Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer at the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33.      Plaintiff intends to visit the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but

will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

34.     Defendant, TIDWELL PLACE, L.P., has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

35.     Defendant, TIDWELL PLACE, L.P., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant, TIDWELL PLACE, L.P., is compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff and other persons with disabilities.

36.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)      In front of Unit 910, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of

7

Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii)     In front of Unit 910, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(iii)    In front of Unit 910, the accessible ramp protrudes into the accessible parking spaces making them unlevel in violation of section 502.4 of the 2010 ADAAG standards. This violation would make it difficult and dangerous for Plaintiff to park at this space.

(iv)     In front of Unit 910, the accessible ramp side flares have a slope in excess of 1:10 in violation of Section 406.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(v)      In front of Unit 910, the access aisle has a vertical rise in excess of ¼ inch and is in violation of Sections 303.2 and 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vi)     In front of Unit 910, due to a yellow pole directly in front of the curb ramp (within 36 inches), the accessible curb ramp lacks a clear landing in violation of section 406.4 of the 2010 ADAAG Standards.

(vii)    In front of Family Dollar, due to a policy of placing a large concrete trashcan in the exterior accessible route as well as the proximity of poles sticking up from the

8

ground, there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36 (thirty-six) inch requirement as required by Section 403.5.1 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(viii)   In front of Family Dollar, due to a policy of placing a large concrete trashcan in the exterior accessible route as well as the proximity of poles sticking up from the ground, the Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access public features of the Property.

(ix)   In front Family Dollar, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(x)   In front of Family Dollar, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(xi)   In front of Family Dollar, the accessible parking space is not level due to the presence of an accessible ramp in the accessible parking space in violation of Section 502.4 of the 2010 ADAAG standards. This violation would make it

dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xii)    In front of Family Dollar, the accessible curb ramp is improperly protruding into the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(xiii)   In front of Family Dollar, there is one accessible parking space identified with a sign that lacks an access aisle in violation of section 502.3 of the 2010 ADAAG Standards.  This violation would make it difficult for Plaintiff to exit and enter his vehicle at this accessible parking space.

(xiv)    In front of Family Dollar, there is one accessible parking space (the one missing an access aisle), that is not located on the shortest distance to the accessible route in violation of section 208.3.1 of the 2010 ADAAG standards.

(xv)     Adjacent to Metro PCS (Unit 920), there is an accessible ramp which is not on an accessible route due to the improper configuration of the adjacent parking space directly in front of the entrance to the accessible ramp.  Because there is a parking space directly in front of the entrance to the accessible ramp, when a vehicle parks in this parking space, the vehicle blocks the clear 36 inch access route to the ramp.   This is a violation of section 502.7 and 403.5.1 of the 2010 ADAAG Standards.

(xvi)    The access aisle of the accessible parking space located in front of Unit 940 has part of the access aisle with a width which decreases to less than 60 inches in

violation of section 502.3 of the 2010 ADAAG Standards.  This violation would make it dangerous for Plaintiff to enter and exit his vehicle at this location.

(xvii)   The surface of the accessible route directly in front of the accessible curb ramp located in front of Unit 940 has a counter slope in excess of 1:20 in violation of section 406.2 of the 2010 ADAAG Standards.  This violation would make it difficult and dangerous for Plaintiff to utilize this ramp.

(xviii) The Shipley Donuts building lacks an accessible parking space in violation of section 208.3.1 of the 2010 ADAAG standards.  This violation would make it difficult for Plaintiff to access Shipley Donuts.

(xix)   There is an insufficient number of accessible parking spaces in violation of Section 208.2 of the 2010 ADAAG Standards.  There are a total of 220 parking spaces on the Property, which requires seven (7) marked accessible parking spaces, but there are only five accessible parking spaces on the Property.

(xx)   Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

37.   The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

38.   Plaintiff requires an inspection of the Property in order to determine all of the discriminatory conditions present at the Property in violation of the ADA.

39.   The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

40.    All of the violations alleged herein are readily achievable to modify to the

Property into compliance with the ADA.

41.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

42.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendant, TIDWELL PLACE, L.P., has the financial resources to make the necessary modifications. According to the Property Appraiser, the collective Appraised value of the Property (as of January 2020) is $6,035,432.

43.     The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendant has available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction from the IRS for spending money on accessibility modifications.

44.     Upon information and good faith belief, the Property has been altered since 2010.

45.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

46.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant, TIDWELL PLACE, L.P., is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

47.     Plaintiff's requested relief serves the public interest.

48.     The benefit to Plaintiff and the public of the relief outweighs any resulting

detriment to Defendant, TIDWELL PLACE, L.P.

49.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant, TIDWELL PLACE, L.P., pursuant to 42 U.S.C. §§ 12188 and 12205.

50.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant, TIDWELL PLACE, L.P., to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, TIDWELL PLACE, L.P., in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendant, TIDWELL PLACE, L.P., from continuing their discriminatory practices;

(c)     That the Court issue an Order requiring Defendant, TIDWELL PLACE, L.P., to (i) remove the physical barriers to access and (ii) alter the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e)     That the Court grant such further relief as deemed just and equitable in light of the

circumstances.

> Dated: February 13, 2021
>
> Respectfully submitted,
>
> /s/ Douglas S. Schapiro
> Douglas S. Schapiro, Esq.
> Southern District of Texas ID No. 3182479
> The Schapiro Law Group, P.L
> 7301-A W. Palmetto Park Rd., #100A
> Boca Raton, FL 33433
> Tel: (561) 807-7388
> Email: schapiro@schapirolawgroup.com